Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOT MCGUCKEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DAVID M. MEYERS, an individual, LAW OFFICES OF DAVID M. MEYERS, an entity form unknown; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR:<br><br>1. Copyright Infringement<br>2. Vicarious and/or Contributory Infringement<br>3. Violation of 17 U.S.C. §1202<br><br><br><u>Jury Trial Demanded</u> |

Plaintiff Elliot McGucken ("Plaintiff" or "McGucken"), by his attorneys Doniger / Burroughs, for his complaint against defendants David M. Meyers and the Law Offices of David M. Meyers, and Does 1-10, alleges as follows:

## JURISDICTION AND VENUE

1.    This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2.    This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.    Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## **PARTIES**

4.    Plaintiff Elliot McGucken is an individual residing in Los Angeles County.

5.    Plaintiff is informed and believes and thereon alleges that Defendant, David M. Meyers, is an individual residing in Sacramento, California, and is the owner, operator, and/or controller of the website *www.dmeyerslegal.com*.

6.    Plaintiff is informed and believes and thereon alleges that Defendant, Law Offices of David M. Meyers, is an entity form unknown located at 717 20th Street Suite 20, Sacramento, California 95811.

7.    Defendants Does 1 through 10, inclusive, (altogether with David M. Meyers and Law Offices of David M. Meyers, "Defendants") are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8.    Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

### CLAIMS RELATED TO SUBJECT PHOTOGRAPH

9.   McGucken is an accomplished and critically acclaimed landscape photographer. His works have appeared in *The Smithsonian Magazine, The National Parks Magazine*, and other fine arts publications. He has authored numerous books and won over 100 photographic awards.

10.   McGucken owns and created the original photograph depicted below (the "Subject Photograph"):

| SUBJECT PHOTOGRAPH |
| :---: |
|  |
| **VA0002302095** |

11.   McGucken complied in all respects with the Copyright § 101, et. Seq., and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photograph, which McGucken has registered with the United States Copyright Office.

12.   Prior to the acts complained of herein, McGucken published and widely publicly displayed and disseminated the Subject Photograph including without limitation on his social media pages and on McGucken's website *www.mcgucken.com*.

13.   McGucken is informed and believes and thereon alleges that following his dissemination and display of the Subject Photograph, Defendants, and each of them copied,

reproduced, displayed, distributed, created derivative works, and/or otherwise used the Subject Photograph without license, authorization, or consent, including by using the Subject Photographs online on *www.dmeyerslegal.com*. A true and correct screen capture of the Infringing Use is depicted below:

| INFRINGING USES |
| --- |
|  |

14. Upon information and belief, McGucken alleges that Defendant had access to the Subject Photograph, including through McGucken's numerous online profiles and features, publications and press featuring his work, his social media accounts, his numerous physical photography exhibitions, and/or through viewing the Subject Photograph on third-party websites (e.g. Twitter, Instagram, Pinterest, internet search engines, etc.).

15. McGucken has not in any way authorized Defendants to copy, reproduce, display, distribute, create derivative works of, or otherwise use the Subject Photograph.

16. On February 13, 2026, McGucken, through his attorneys, sent Defendant a demand to cease and desist their infringing use of McGucken's Subject Photograph. To date, Defendant failed to reach any resolution with McGucken, necessitating this action.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement - Against All Defendants, and Each)

17. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

18. On information and belief, McGucken alleges that Defendants, and each of them, had access to the Subject Photograph, including, without limitation, through (a) viewing the Subject Photograph on McGucken's website, (b) viewing Subject Photograph online, (c) viewing Subject Photograph through a third party, and (d) obtaining the Subject Photograph from the online image licensor Shutterstock. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Use.

19. On information and belief, McGucken alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph, including without limitation as seen above.

20. On information and belief, McGucken alleges that Defendants, and each of them, infringed McGucken's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

21. Due to Defendants', and each of their, acts of infringement, McGucken has suffered general and special damages in an amount to be established at trial.

22. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendant, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such, McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photograph in an amount to be established at trial.

23. On information and belief, McGucken alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

**(Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)**

24. McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25. On information and belief, McGucken alleges that Defendants knowingly induced, participated in, aided, and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing the photograph obtained from third parties that Defendants knew, or should have known, were not authorized to be published by Defendants.

26. On information and belief, McGucken alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Use, and were able to supervise the distribution, broadcast, and publication of the Infringing Use.

27. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, McGucken has suffered general and special damages in an amount to be established at trial.

28. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of McGucken's rights in the Subject Photograph. As such,

McGucken is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of McGucken's rights in the Subject Photograph, in an amount to be established at trial.

29.    On information and belief, McGucken alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

### (For Violations of 17 U.S.C. §1202 – Against all Defendants, and Each)

30.    McGucken repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

31.    On information and belief, McGucken alleges that Defendants, and each of them, in violation of 17 U.S.C. §1202(a), knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided false copyright management information when they added their own author name and attribution to the Subject Photograph within the Infringing Use.

32.    On information and belief, McGucken alleges that Defendants, and each of them knew that they were providing false copyright management information to their copies of the Subject Photograph and distributing copyright management information that was false at the time it distributed its unauthorized copies of the Subject Photograph via the Infringing Use which included their added author name and attribution.

33.    Due to Defendants' acts of infringement, as alleged herein, a third party would be unaware that McGucken owned the copyright in the Subject Photograph, and that Defendants' use of the Subject Photograph in the Infringing Use was without McGlucken's authorization. Indeed, Defendants' additional of its firm name to McGucken's photography would falsely indicate to the public that Defendant owned, obtained a license, or was otherwise authorized to

use the Subject Photograph, and Defendant's false CMI concealed and facilitated Defendant's copyright infringement.

34.   Due to Defendants act of infringement, as alleged herein, McGucken has suffered and will seek to recover general and special damages in an amount to be established at trial, and/or statutory damages and attorney's fees as provided in 17 U.S.C. §1203.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

### **Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

a.   That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photograph, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photograph from their respective websites, marketing and advertisement materials.

b.   That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

c.   That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d.   That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*;

e.   That Plaintiff be awarded his costs and fees under the statutes set forth above;

f.   That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

g.  That Plaintiff be awarded pre-judgment interest as allowed by law;

h.  That Plaintiff be awarded the costs of this action; and

i.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: May 8, 2026                    By:    */s/ Scott Alan Burroughs*
                                              Scott Alan Burroughs, Esq.
                                              Trevor W. Barrett, Esq.
                                              Andres Navarro, Esq.
                                              DONIGER / BURROUGHS
                                              Attorneys for Plaintiff

9
COMPLAINT